IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NAREND CHAND,

    Plaintiff,

vs.  No. CIV 18-0726 JB\JHR

CORIZON MEDICAL; DR. ROGER ANES, in his
official and individual capacity; DENTAL
ASSISTANT MS. ROMERO, in her individual and
official capacity; THE GEO GROUP, INC., and
SECRETARY OF NMDOC,

    Defendants.

## MEMORANDUM OPINION AND ORDER REMANDING CASE

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915A, on the Plaintiff's Complaint for Damages and Personal Injury and for Violation of Federal and State Law, filed in state court June 29, 2018, filed in federal court July 30, 2018 (Doc. 1-1)("Complaint"); and Corizon's Motion to Dismiss, filed August 10, 2018 (Doc. 6)("Motion"). The Court will grant Defendant Corizon Medical's Motion, will dismiss Plaintiff Narend Chand's federal civil rights claims under 42 U.S.C. § 1983, and will remand the case to state court for adjudication of Chand's state-law claims.

## FACTUAL AND PROCEDURAL BACKGROUND

Chand filed his Complaint in the Fourth Judicial District Court, County of Guadalupe, State of New Mexico, on June 29, 2018. See Complaint at 1. The Complaint names Corizon Medical, Dr. Roger Anes, Dental Assistant Ms. Romero, Geo Group, Inc., and Secretary of NMDOC[1] as

---

[1]The position's official title is the Secretary of Corrections for the New Mexico Corrections Department. The Court refers to the position throughout this Memorandum Opinion and Order Remanding Case as "N.M. Corrections Department Secretary."

the Defendants.  See Complaint at 1.  The Complaint states that the Court has jurisdiction over the subject matter "under section 41-4-1 [of the New Mexico Tort Claims Act], and Art. II, Section 10, of [sic] New Mexico Constitution."  Complaint ¶ 1, at 1.  The Complaint's claims are for "negligence, medical malpractice, negligent hiring, training, negligence per se, breach of contract, and violation of his civil rights under the Eigth [sic] Amendment, and Fourteenth Amendments to the U.S. Constitution" arising out of dental care provided to Chand at the Guadalupe County Correctional Facility, Santa Rosa, New Mexico.  Complaint at 1.  The Complaint requests relief in the form of compensatory, special, and punitive damages, pre- and post-judgment interest, and attorney fees.  See Complaint at 7.

Corizon Medical removed the case to the Court from the Fourth Judicial District Court on July 30, 2018.  See Notice of Filing of Removal, filed July 30, 2018 (Doc. 1-2).  Corizon Medical then filed its Motion on August 10, 2018.  See Motion at 1.  Corizon Medical seeks dismissal on the grounds that the events giving rise to the Complaint occurred on or after July 7, 2016, and Corizon Medical ceased providing dental services at the Guadalupe Correctional Facility as of May 31, 2016.  See Motion at 1-2.  In his Motion to Join Centurion LLC as Defendants [sic] Rule 21 Joinder and Now Joinder of Parties, filed August 16, 2018 (Doc. 7)("Joinder Motion"), Chand concedes that dismissal of Corizon is proper.  See Joinder Motion at 1-2.

## LAW REGARDING DISMISSAL FOR FAILURE TO STATE A CLAIM

The court has the discretion to dismiss a pro se complaint sua sponte for failure to state a claim upon which relief may be granted under rule 12(b)(6) of the Federal Rules of Civil Procedure.  Under rule 12(b)(6), the court must accept all well-pled factual allegations, but not

conclusory, unsupported allegations, and may not consider matters outside the pleading. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)("Twombly"); Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. See Twombly, 550 U.S. at 570.

The court liberally construes the factual allegations in reviewing a pro se complaint. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). The same legal standards that apply to all litigants, however, judge a pro se plaintiff's pleadings, and a pro se plaintiff must abide by the court's applicable rules. See Ogden v. San Juan Cty., 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims, nor may the court assume the role of the pro se litigant's advocate. See Hall v. Bellmon, 935 F.2d at 1110.

## LAW REGARDING 42 U.S.C. § 1983 CIVIL RIGHTS CLAIMS

Section 1983 is the exclusive vehicle for vindication of substantive rights under the Constitution of the United States. See Albright v. Oliver, 510 U.S. 266, 271 (1994)(holding that § 1983 creates no substantive rights; rather, it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); Baker v. McCollan, 443 U.S.

137, 14 n.3 (1979); Bolden v. City of Topeka, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

To state a claim against a person in their individual capacity upon which relief can be granted under § 1983, a plaintiff

> must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation; (2) proximately caused); (3) by the conduct of a "person" (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Martinez v. Martinez, No. CIV 09-0281 JB\KBM, 2010 WL 1608884, at *11 (D.N.M. March 30, 2010)(Browning, J.)(quoting Summum v. City of Ogden, 297 F.3d 995, 1000 (10th Cir. 2002)). The Supreme Court of the United States of America has made clear that there is no respondeat superior liability under § 1983. See Ashcroft v. Iqbal, 556 U.S. at 675 (holding that regarding individual-capacity claims for alleged constitutional violations under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). A § 1983 civil rights action against a public official or entity, thus, may not be based solely on a theory of respondeat superior liability for co-workers' or subordinates' actions; a plaintiff must show an "affirmative link between the supervisor's conduct and the constitutional deprivation"; a plaintiff must show that "a supervisory defendant, expressly

or otherwise, authorized, supervised, or participated in conduct which caused the constitutional deprivation." Snell v. Tunnell, 920 F.2d 673, 700 (10th Cir. 1990). The plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008)("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." (internal quotation marks omitted)(quoting Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997)). In a § 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008)(emphasis in original). Nor do generalized statements that the defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. See Robbins v. Oklahoma, 519 F.3d at 1249-50.

The State is not a "person" within 42 U.S.C. § 1983's meaning. Will v. Mich. Dep't of State Police, 491 U.S. 58, 63-64 (1989)("Will"). Although § 1983 holds persons liable, in Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978)("Monell"), the Supreme Court held that a governmental entity may be held responsible under § 1983 "when execution of a government's policy or custom . . . inflicts the injury . . . ." Monell, 436 U.S. at 694. "An action against a person in his official capacity is, in reality, an action against the [] entity for whom the person works." Pietrowski v. Town of Dibble, 134 F.3d 1006, 1009 (10th Cir. 1998)(citing Hafer v. Melo, 502 U.S. 21, 25 (1991)). See Monell, 436 U.S. at 690 n.55 ("[O]fficial capacity suits

generally represent only another way of pleading an action against an entity of which an officer is an agent."). A § 1983 claim therefore lies against either an entity or its officers in their official capacity -- not against both the entity and the officers in their official capacity. See Vondrak v. City of Las Cruces, No. CIV 05-0172 JB/LFG, 2009 WL 1300945, at *2 n.1 (D.N.M. March 30, 2009)(Browning, J.). The Supreme Court stated that, to maintain an official-capacity suit, the governmental entity's -- and not the named official's -- policy or custom "must have played a part in the violation of federal law." Hafer v. Melo, 402 U.S. at 25 (internal quotation marks omitted)(quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985)). A plaintiff "suing a [municipality] under section 1983 for the acts of one of its [employees] must demonstrate two elements: (1) a municipal employee committed a constitutional violation; and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." Myers v. Okla. Cty. Bd. of Cty. Comm'rs, 151 F.3d 1313, 1318 (10th Cir. 1998)(citation omitted).

**LAW REGARDING EIGHTH AMENDMENT CLAIMS OF INADEQUATE MEDICAL CARE**

The Eighth Amendment to the Constitution of the United States of America protects against the infliction of "cruel and unusual" punishment. U.S. Const. amend. VIII. The Eighth Amendment's prohibition against cruel and unusual punishment encompasses prison officials' deliberate indifference. Howard v. Waide, 534 F.3d 1227, 1235 (10th Cir. 2008)(citing Estelle v. Gamble, 429 U.S. 97, 105 (1976)). Deliberate indifference to prisoners' serious medical needs constitutes the unnecessary and wanton infliction of pain that the Eighth Amendment proscribes. See Estelle v. Gamble, 429 U.S. at 104. Prison doctors may manifest deliberate indifference in

their response to the prisoner's needs, or prison guards in intentionally denying or delaying access to medical care, or intentionally interfering with the treatment once prescribed.  See Estelle v. Gamble, 429 U.S. at 104-05.  Regardless whether prison medical officials' or prison guards' conduct evidences it, deliberate indifference to a prisoner's serious illness or injury may state a cause of action under § 1983.  Estelle v. Gamble, 429 U.S. at 104-05.

Determining the sufficiency of an Eighth Amendment claim for deliberate indifference involves a two-pronged inquiry, comprised of an objective component and a subjective component.  See Self v. Crum, 439 F.3d 1227, 1230 (10th Cir. 2006).  With respect to the objective component, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)(internal quotation and citation omitted).  The question is not limited to whether the inmate's symptoms render a medical need sufficiently serious, but also extends to whether the potential harm to the inmate is sufficiently serious.  See Mata v. Saiz, 427 F.3d 745, 752 (10th Cir. 2005).

Under the subjective component, the defendant must have a sufficiently culpable state of mind.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  See also Self v. Crum, 439 F.3d at 1230-31.  In other words, the plaintiff must establish that the defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it."  Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999)(internal citation and quotation omitted).  With regard to the subjective component, the question for the court's consideration is "were the

symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?" Martinez v. Beggs, 563 F.3d 1082, 1089 (10th Cir. 2009)(quoting Mata v. Saiz, 427 F.3d at 753). An official responds to a known risk in an objectively unreasonable manner if he or she knows of ways to reduce the harm, but knowingly or recklessly declines to act. See Howard v. Waide, 534 F.3d at 1239-40. Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners in their custody. See Howard v. Waide, 534 F.3d at 1239-40.

Prison officials who know of a substantial risk to inmate health or safety may be found free from liability, however, if they respond reasonably to the risk, even if the harm ultimately is not averted. See Howard v. Waide, 534 F.3d at 1239 (quoting Farmer v. Brennan, 511 U.S. at 844-45). Accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition, does not constitute a medical wrong under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. at 105-06. Moreover, a difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel-and-unusual punishment. See, e.g., Self v. Crum, 439 F.3d at 1231; Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002); Smart v. Villar, 547 F.2d 112, 114 (10th Cir. 1976). A prisoner who merely disagrees with a diagnosis or a prescribed

course of treatment does not state a constitutional violation. See Taylor v. Ortiz, 410 F. App'x 76, 79 (10th Cir. 2010)(unpublished).[2]

## LAW REGARDING PRISON GRIEVANCE CLAIMS

Prison grievance procedures do not create a protected liberty interest and, as a consequence, do not implicate a prisoner's due process rights. See Murray v. Albany Cty. Bd. of Cty. Comm'rs, 211 F.3d 1278, 2000 WL 472842, at *2 (10th Cir. 2000)(unpublished table opinion)("[P]rison grievance procedures do not 'give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment.'" (quoting Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993))); Anderson v. Colo. Dep't of Corr., 185 F.3d 873, 1999 WL 387163, at *2 (10th Cir. 1999)(unpublished table opinion)(holding that a state inmate's § 1983 "allegations relating to the requirements of the Department of Corrections grievance procedure do not support a due process claim because those procedures do not create any liberty interest in the incarcerated

---

[2]Taylor v. Ortiz is an unpublished opinion, but the Court can rely on an unpublished opinion of the United States Court of Appeals for the Tenth Circuit to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored. However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Taylor v. Ortiz, 410 F. App'x 76 (10th Cir. 2010), Murray v. Albany County Board of County Commissioners, 211 F.3d 1278, 2000 WL 472842 (10th Cir. 2000), Anderson v. Colorado Department of Corrections, 185 F.3d 873, 1999 WL 387163 (10th Cir. 1999), Johnson v. Richins, 438 F. App'x 647 (10th Cir. 2011), Boyd v. Werholtz, 443 F. App'x 331 (10th Cir. 2011), and Sherratt v. Utah Department of Corrections, 545 F. App'x 744 (10th Cir. 2013), have persuasive value with respect to material issues and will assist the Court in its disposition of this Memorandum Opinion and Order Remanding Case.

petitioner"); Johnson v. Richins, No. 2:08-CV-945 CW, 2010 WL 3121144, at *7 (D. Utah Aug. 9, 2010)(Waddoups, J.), aff'd, 438 F. App'x 647 (10th Cir. 2011)(unpublished).

The defendants' handling of the plaintiff's grievances does not, by itself, give rise to a constitutional violation. A prison officer's failure to adequately respond to a prisoner's grievance does not implicate a constitutional right. See Buckley v. Barlow, 997 F.2d at 495 (official's failure to process inmates' grievances, without more, is not actionable under § 1983); Greer v. DeRobertis, 568 F. Supp. 1370, 1375 (N.D. Ill. 1983)(Shadur, J.)(prison officials' failure to respond to grievance letter violates no constitutional or federal statutory right).

Prison grievance procedures are a procedural right, only, and do not confer any substantive right upon an inmate. Grievance procedures do not give rise to a protected liberty interest requiring the Fourteenth Amendment's procedural protections. See Buckley v. Barlow, 997 F.2d at 495 (quoting Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)(Nordberg, J.)). See also Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)(an inmate has no legitimate claim of entitlement to a grievance procedure).

Nor does an allegedly inadequate prison grievance system implicate a prisoner's First Amendment of the Constitution of the United States of America rights to petition the government for redress of grievances. Instead, "when the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." Boyd v. Werholtz, 443 F. App'x 331, 332 (10th Cir. 2011)(unpublished)(alteration

and internal quotation marks omitted). The failure of prison and corrections officials to handle or decide the plaintiff's grievances in a different manner does not, by itself, compromise the prisoner's right of access to the courts or implicate any First Amendment rights.

### **LAW REGARDING PRISON RETALIATION CLAIMS**

Prison officials may not retaliate against or harass inmates because of the inmate's exercise of his or her constitutional rights, including filing internal prison grievances or initiating lawsuits. See Fogle v. Pierson, 435 F.3d 1252, 1264 (10th Cir. 2006); Smith v. Maschner, 899 F.2d 940, 947-48 (10th Cir. 1990). A retaliation claim's elements are : (i) the plaintiff engaged in constitutionally protected activity; (ii) the defendant responded by causing an injury that "would chill a person of ordinary firmness from continuing to engage in that activity;" and (iii) the defendant's action was substantially motivated as a response to the plaintiff's protected activity. See Gee v. Pacheco, 627 F.3d 1178, 1182, 1195 (10th Cir. 2010)(internal quotation marks and citations omitted). Chand's filing of a grievance qualifies as a protected activity under the first element. See Johnson v. Whitney, 723 F. App'x 587, 594 (10th Cir. 2018); Gee v. Pacheco, 627 F.3d at 1182, 1195. An inmate is "not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity." Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998). The plaintiff must therefore allege specific facts showing that, "but for the retaliatory motive, the incidents to which he refers, including the disciplinary action would not have taken place." Peterson v. Shanks, 149 F.3d at

1144 (quotations omitted). See Sherratt v. Utah Dep't of Corr., 545 F. App'x 744, 747 (10th Cir. 2013)(unpublished).

## ANALYSIS

The Court dismisses Chand's claims against Corizon Medical and dismisses Corizon Medical as a party Defendant, because Corizon Medical is not a proper party, where it did not provide dental care services at Guadalupe County Correctional Facility during the events giving rise to Chand's Complaint. The Court dismisses official capacity and any individual capacity claims against the N.M. Corrections Department Secretary, because the Complaint contains insufficient allegations of individual participation in any constitutional violation. The Court dismisses Chand's Eighth Amendment inadequate-dental-care claims, because accidental or inadvertent failure to provide adequate dental care, or negligent diagnosis or treatment of a medical condition, does not constitute a medical wrong under the Eighth Amendment and the Complaint contains no allegations to support a claim of deliberate indifference. Regarding Chand's grievance procedure claims, to the extent that Chand complains that his grievances were improperly handled in violation of his right to due process, he has not stated a claim upon which relief may be granted, because prison grievance procedures do not give rise to a protected liberty interest requiring the Fourteenth Amendment's procedural protections. The Court dismisses Chand's retaliation in violation of the Constitution of the United States claims, where the Complaint does not allege that any disciplinary action was taken against him as a consequence of his engaging in the protected activity of filing a grievance, and the allegations do not demonstrate that, but for retaliatory motive,

Chand would not have suffered the injury. The Court, therefore, dismisses all federal claims in this case. In addition, Chand asserts state law claims for negligence, medical malpractice, negligent hiring and training, negligence per se, and breach of contract. Having dismissed all of Chand's federal claims, the Court declines to exercise supplemental jurisdiction over Chand's remaining state law claims. The Court will remand this proceeding to state court for adjudication of those state law claims.

I. **CHAND'S CLAIMS AGAINST CORIZON MEDICAL.**

Chand brings suit against Corizon Medical alleging claims for failure to provide adequate dental care at the Guadalupe County Correctional Facility beginning in July, 2016. See Complaint at 1-2. Corizon Medical filed the Motion, seeking dismissal on the grounds that it ceased to provide dental care services at Guadalupe County Correctional Facility in May, 2016, before the alleged events giving rise to Chand's Complaint. See Motion at 2. Chand concedes that Corizon Medical is not a proper party to this proceeding and should be dismissed. See Joinder Motion at 1-2. The Court will dismiss Corizon Medical as a party Defendant pursuant to rule 21 of the Federal Rules of Civil Procedure.

II. **CHAND'S CLAIMS AGAINST THE NEW MEXICO CORRECTIONS DEPARTMENT SECRETARY.**

Chand identifies the N.M. Corrections Department Secretary as a Defendant. See Complaint at 1. The Complaint does not specify whether the Secretary is sued in his or her individual or official capacity. The sole allegations against the N.M. Corrections Department Secretary in the Complaint, however, are: (i) that a copy of the grievance "was mailed to main

grievance officer at NMDOC [sic] in Santa Fe, New Mexico," Complaint at 2; and (ii) that "NMDOC [sic] had a policy and practice that all of their employees should adhere to," Complaint at 5. Because there are no allegations of any individual conduct by the N.M. Corrections Department Secretary, the Court construes the claims as asserted against the N.M. Corrections Department Secretary in his or her official capacity. And if it were to conclude that the allegations against the N.M. Corrections Department Secretary are asserted against him or her in his or her official capacity, there would be insufficient allegation of individual participation in any constitutional violation to allow the claim to go forward.

The N.M. Corrections Department is a state agency. As such, the claims against it are claims against the State of New Mexico. Official capacity claims against N.M. Corrections Department officers are also claims against the State. Although injunctions are available in official capacity suits, the State is not a "person" within the meaning of 42 U.S.C. § 1983, and, therefore, there is no damages remedy against the State under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. at 63-64. The Complaint contains insufficient allegations of individual participation in any constitutional violation to allow either individual capacity or official capacity claims against the N.M. Corrections Department Secretary to go forward. The Court, therefore, will dismiss the official capacity claims, and any individual capacity claims, against the N.M. Corrections Department Secretary.

### III.     **CHAND'S EIGHTH AMENDMENT INADEQUATE DENTAL CARE CLAIMS.**

The crux of Chand's claims relates to allegations that he failed to receive adequate dental care at the Guadalupe County Correctional Facility, resulting in slippage of his left jaw, loose

teeth, and possible future tooth loss.  See Complaint at 1-5.  Chand asserts that the inadequate dental care violated his rights to be free from cruel-and-unusual punishment under the Eighth Amendment.  See Complaint at 5-6.  Chand specifically alleges that dental care providers were negligent in injecting a needle into the wrong muscle, delaying responding to his dental complaints, and performing a regular cleaning rather than a periodontal cleaning.  See Complaint at 2-5.

An Eighth Amendment claim's objective component requires a plaintiff to establish that he had a serious medical need.  See Ramos v. Lamm, 639 F.2d at 575.  For purposes of this Memorandum Opinion and Order Remanding Case, the Court assumes that Chand's dental issues constitute a sufficiently serious medical need to meet the Eighth Amendment requirement.  Assuming that the first prong is established, the record in this case fails to establish the second, subjective component.  Chand's allegations of negligent or delayed treatment do not show that the Defendants "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it."  Hunt v. Uphoff, 199 F.3d at 1224.  The factual allegations do not show a sufficiently culpable state of mind on the Defendants' part to meet Eighth Amendment requirements.  See Farmer v. Brennan, 511 U.S. at 834.  Rather than showing deliberate indifference, Chand's allegations reflect a disagreement with the diagnosis and treatment that prison dental staff provided him.  Accidental or inadvertent failure to provide adequate dental care, or negligent diagnosis or treatment of a medical condition, does not constitute a medical wrong under the Eighth Amendment.  See Estelle v. Gamble, 429 U.S. at 105-06.  While Chand's

teeth, and possible future tooth loss.  See Complaint at 1-5.  Chand asserts that the inadequate dental care violated his rights to be free from cruel-and-unusual punishment under the Eighth Amendment.  See Complaint at 5-6.  Chand specifically alleges that dental care providers were negligent in injecting a needle into the wrong muscle, delaying responding to his dental complaints, and performing a regular cleaning rather than a periodontal cleaning.  See Complaint at 2-5.

An Eighth Amendment claim's objective component requires a plaintiff to establish that he had a serious medical need.  See Ramos v. Lamm, 639 F.2d at 575.  For purposes of this Memorandum Opinion and Order Remanding Case, the Court assumes that Chand's dental issues constitute a sufficiently serious medical need to meet the Eighth Amendment requirement.  Assuming that the first prong is established, the record in this case fails to establish the second, subjective component.  Chand's allegations of negligent or delayed treatment do not show that the Defendants "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it."  Hunt v. Uphoff, 199 F.3d at 1224.  The factual allegations do not show a sufficiently culpable state of mind on the Defendants' part to meet Eighth Amendment requirements.  See Farmer v. Brennan, 511 U.S. at 834.  Rather than showing deliberate indifference, Chand's allegations reflect a disagreement with the diagnosis and treatment that prison dental staff provided him.  Accidental or inadvertent failure to provide adequate dental care, or negligent diagnosis or treatment of a medical condition, does not constitute a medical wrong under the Eighth Amendment.  See Estelle v. Gamble, 429 U.S. at 105-06.  While Chand's

allegations may be sufficient to support a state law claim that the treatment fell below a dental standard of care or was negligent, they do not rise to the level of stating an Eighth Amendment constitutional violation.  See Smart v. Villar, 547 F.2d at 114.

IV.     **CHAND'S GRIEVANCE PROCEDURE CLAIMS.**

Chand also alleges that he filed grievances relating to his dental care, but that either he did not receive a response to the grievances or the grievances were not processed in a timely manner.  See Complaint at 2-3.  It is not clear from Chand's Complaint whether he is making a § 1983 claim regarding the prison grievance procedure.  Any alleged failure to adequately respond to Chand's grievances does not implicate a constitutional right.  See Buckley v. Barlow, 997 F.2d at 495; Greer v. DeRobertis, 568 F. Supp. at 1375.  The prison grievance procedures are a procedural right only, do not confer any substantive right upon Chand, and do not give rise to a protected liberty interest requiring the Fourteenth Amendment's procedural protections.  See Buckley v. Barlow, 997 F.2d at 495; Mann v. Adams, 855 F.2d at 640.  To the extent, therefore, that Chand complains that his grievances were improperly handled in violation of his right to due process, he has not stated a claim upon which relief may be granted.

V.      **CHAND'S PRISON RETALIATION CLAIMS.**

Last, Chand alleges:

> The dental chart indicates that on 10-20-16 and 10-30-16, Dr. Farley saw me again.  This time I thought he was going to finish the periodontal cleaning of the lower right, upper left and upper right part of my mouth.  But on that day dental assistant Ms. Romero and Dr. Farley told me that, Quote: You have filed [sic] grievance on Dr. Anes, therefore, they are not going to complete the periodontal cleaning.  Instead they did a simple teeth cleaning.

Complaint at 4. Chand does not allege that any disciplinary action was taken against him as a consequence of his engaging in the protected activity of filing a grievance. See Peterson v. Shanks, 149 F.3d at 1144. Nor is the performance of a simple teeth cleaning rather than a periodontal cleaning an injury that would chill an ordinary person from engaging in filing of a prison grievance. Gee v. Pacheco, 627 F.3d at 1182-95. Nor do his allegations demonstrate that, but for retaliatory motive, he would not have suffered the injury. See Sherratt v. Utah Dep't of Corr., 545 F. App'x at 747. Chand's Complaint is insufficient to state a claim of retaliation in violation of the Constitution.

## VI.    REMAND OF STATE LAW CLAIMS.

Chand originally filed his Complaint in the Fourth Judicial District Court, State of New Mexico. See Notice of Filing of Removal at 1. He alleges that he is proceeding under the New Mexico Tort Claims Act, N.M. Stat. Ann. §§ 41-4-1 through 41-4-27. See Complaint at 1. In addition to alleging violation of his Constitutional rights, Chand asserts state law claims for negligence, medical malpractice, negligent hiring and training, negligence per se, and breach of contract. See Complaint at 1.

Within the supplemental jurisdiction that 28 U.S.C. § 1367 grants, a federal court has subject-matter jurisdiction over certain state-law claims. A district court's decision whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is discretionary. See 28 U.S.C. § 1367(c). Under § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. See Osborn v. Haley, 549 U.S. 225, 245 (2007); Arbaugh v. Y & H

Corp., 546 U.S. 500, 514 (2006).

The Supreme Court has stated that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)(footnote omitted). When all federal claims have been dismissed, a district court may, and usually should decline to exercise jurisdiction over any remaining state claims. See Koch v. City of Del. City, 660 F.3d 1228, 1248 (10th Cir. 2011); Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998); Young v. City of Albuquerque, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014)(Browning, J.).

The Court is dismissing all federal claims in this case. The Court declines to exercise supplemental jurisdiction over Chand's remaining state law claims. The Court will remand this proceeding to state court for adjudication of those state law claims.

**IT IS ORDERED** that: (i) the Motion to Join Centurion LLC as Defendants [sic] Rule 21 Joinder and Now Joinder of Parties, filed August 16, 2018 (Doc. 7), is denied without prejudice to a renewed motion in the Fourth Judicial District Court following remand; (ii) Corizon's Motion to Dismiss, filed August 10, 2018 (Doc. 6), is granted and Corizon Medical is dismissed as a party to these proceedings; (iii) all claims against Defendant Secretary of NMDOC are dismissed; (iv) all federal claims that plaintiff asserts in Plaintiff's Complaint for Damages and Personal Injury and for Violation of Federal and State Law, filed in state court June 29, 2018, filed in federal court July 30, 2018 (Doc. 1-1), are dismissed; and (v) this case is remanded to the Fourth Judicial

District Court, County of Guadalupe, State of New Mexico, for adjudication of Plaintiff Narend Chand's state law claims.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Narend Chand
Guadalupe County Correctional Facility
Santa Rosa, New Mexico

    *Plaintiff pro se*

Nicole M. Charlebois
The Charlebois Law Firm, LLC
Santa Fe, New Mexico

    *Attorney for Defendants*